DAVID L. PINKSTON (6630)
P. MATTHEW COX (9879)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

*Attorneys for Plaintiff East Birch Creek, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EAST BIRCH CREEK, INC., a non-profit Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THELAUNDRYLIST.COM, INC, a California Corporation; and BRIAN COHEN, an individual,<br><br>Defendants. | **STIPULATION AND SETTLEMENT AGREEMENT AND CONSENT TO ENTRY OF JUDGMENT AGAINST DEFENDANTS**<br><br>Case No. 2:20-cv-00673-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff, EAST BIRCH CREEK, INC ("Plaintiff" or "EBC"), on the one hand, and Defendants THELAUNDRYLIST.COM, INC ("TLL") and BRIAN COHEN ("Cohen"), on the other hand,[1] hereby jointly stipulate, agree, and move the Court as follows:

## FACTS AND OBJECTIVES

This Stipulation is made with reference to the following stipulated material facts and objectives:

[1] TLL and Cohen may be referred to, collectively, as "Defendants".

1. On or about June 13, 2019, EBC received a proposal (the "Proposal") from TLL, signed (electronically), by Brian Cohen, its principal, to broker the sale of the following pieces of heavy-duty commercial laundry equipment, owned by EBC. The Proposal indicated that TLL would pay EBC the amounts listed for each piece of equipment:

| | |
|---|---|
| (1) 2015 B&C 275lb. Washer Extractor | $ 28,500.00 |
| (1) 2015 B&C 325lb. Gas Heated Dryer | $ 18,000.00 |
| (1) 2015 Rapidd Feed Mat Roller | $ 5,000.00 |
| (1) Lot of approx. 1800-1850 Floor Mats | $ 55,000.00 |
| Total: | $106,500.00 |

(collectively the "Equipment").

2. In reliance on the Proposal and in acceptance of the same, between June 2019 and November 2019, EBC, at its own expense, arranged for the removal and loading of the Equipment, with the help of Andrea Moricci, TLL's engineer.

3. TLL shipped the Equipment outside the state of Utah, to potential buyers or to TLL.

4. Pursuant to the Proposal, TLL was to pay EBC the full amount due to EBC under the Proposal, prior to the "removal of the equipment and setting on trucks." TLL has not paid EBC for the Equipment, pursuant to the Proposal.

5. TLL owes EBC the sum of $106,500.00, as payment of the net amount for the Equipment, together with accrued prejudgment interest at the legal rate, from and after November 1, 2019 (the "Obligation").

6. The parties now wish to resolve all outstanding issues in the above-captioned matter, on the terms set forth below.

## AGREEMENT

Now, therefore, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in consideration of the promises and obligations set forth herein, the Parties stipulate and agree as follows:

1. **Payment of Amounts Owing Under the Proposal.** Defendants jointly and severally agree to pay EBC the amount of $100,000.00 (the "Settlement Amount"), in full satisfaction of the obligation owing under the Proposal, on the following terms:

a. Defendants shall make weekly payments of no less than $2,000.00 each (the "Payments");

b. All Payments shall be made by ACH, pursuant to instructions provided to Defendants, who hereby acknowledge receipt of the same;

c. Each Payment, to be considered "timely", shall be made so as to be received into EBC's account no later than 2:00 p.m., prevailing Mountain Time, on the Friday of each week (the "Payment Deadline");

d. The full amount of the Settlement Amount, together with any accrued interest (if applicable), shall be paid in full no later than the date that is 50 weeks from the Effective Date of this Stipulation.

e. A Payment is late if not made timely, as explained above (a "Late Payment"). If a Late Payment is not cured within ten calendar days of that Payment's Payment Deadline, then interest shall be applied to the balance owing on the Settlement Amount, retroactively, at the rate of 10% per annum, from and after the Effective Date of this Stipulation, going forward for the full term of the settlement, as set forth in

subparagraph (d), above. Likewise, upon the fifth Late Payment, Defendants will not be allowed to cure that Late Payment, and interest will be immediately applied as set forth in this subparagraph.

2. **Default.** An event of "Default" hereunder shall be defined as (a) a Late Payment that is not cured within ten calendar days of its Payment Deadline; or (b) the fifth Late Payment made by Defendants.

3. **Consent to Entry of Judgment in the Event of Default.** In the event of a Default, in addition to applying interest, retroactively, as set forth in Paragraph 1(e), above, Defendants hereby consent to entry of a judgement against them, jointly and severally, in favor of EBC, in the full amount of the Obligation (less any payments made thereon after the date of this Stipulation) together with additional interest, costs, and attorneys' fees, in the form attached hereto as Exhibit B (the "Stipulated Judgment"). In the event of a Default, EBC, at its sole discretion, may seek to have the Stipulated Judgment entered and may enforce the same against the Defendants in any court of competent jurisdiction.

4. **Dismissal of Action, with Prejudice.** Upon payment of the full amount of the Settlement Payment, together with any accrued interest, as applicable, as well as the fulfillment of all of Defendants obligations under this Stipulation, EBC agrees to dismiss the above captioned, matter, with prejudice, each party to bear its own costs.

5. **No Waiver.** In the event EBC does not elect to exercise all rights available to it in the event of any Default by Defendants hereunder, such election does not constitute a waiver of EBC's rights to enforce any and all rights in connection with any subsequent Default.

6. **Reservation of Rights.** EBC reserves all rights, claims, and defenses available to it, pending Defendants' full compliance with and complete fulfillment of their obligations in this Stipulation.

7. **Effective Date.** The Effective Date of this Stipulation is the date it is approved by the above-captioned Court.

8. **Releases.**

a. In consideration and exchange for the promises and obligations of EBC herein, as well as the forgiveness of any unpaid portion of the Obligation, Defendants, on behalf of themselves, their affiliates, subsidiaries, principals, officers, members, directors, shareholders, attorneys, heirs, successors, and assigns (the "TLL Parties"), do hereby release, waive, and forever discharge EBC and its affiliates, subsidiaries, principals, officers, directors, managers, members, shareholders, owners, employees, agents, attorneys, successors, and assigns (the "EBC Parties"), of and from any and all claims, damages, and demands of every kind, character and description, in law or in equity, known or unknown, which the TLL Parties, or any of them, has or may hereafter have or claim to have against the EBC Parties, or any of them, including without limitation (and without limiting the generality of the foregoing) claims arising out of or related in any way to the Proposal, the Equipment, or the above-captioned Litigation.

b. Upon receipt of the full amount of the Settlement Amount, and in consideration and exchange for the promises and obligations of Defendants hereunder, EBC, on behalf of the EBC Parties, does hereby release, waive, and forever discharge the TLL Parties of and from any and all claims, damages, and demands of every kind,

character and description, in law or in equity, known or unknown, which the LOB Parties have or may hereafter have or claim to have against the EBC Parties, or any of them, including, without limitation (and without limiting the generality of the foregoing), claims arising out of or related in any way to the the Proposal, the Equipment, or the above-captioned Litigation.

c. This is a general release. Defendants, on behalf of the TLL Parties, intends to and does hereby release all claims against the EBC Parties, whether now known or unknown and whether now in existence or hereafter to arise, and expressly waive and assume the risk of any and all claims against the EBC Parties, which exist as of this date, but which they do not know of or suspect to exist, and, if known, would materially affect their decision to enter into this Agreement. Likewise, EBC, on behalf of the EBC Parties, intends to and, upon full payment of the Settlement Amount, does hereby release all claims against the TLL Parties, whether now known or unknown and whether now in existence or hereafter to arise, and expressly waive and assume the risk of any and all claims against the TLL Parties, which exist as of this date, but which they do not know of or suspect to exist, and, if known, would materially affect their decision to enter into this Agreement.

9. **Reservation of Rights**. EBC expressly reserves all rights, claims, and defenses against Defendants. Nothing herein shall affect, waive, release, estop, discharge, or preclude LOB's claims against HD with respect to the full Obligation owing on the Note, or LOB's Proof of Claim filed in the Bankruptcy, less credit for the Settlement Payment.

10. **Attorneys' Fees**. In any action brought to enforce this Agreement, the prevailing party shall be entitled to recover its reasonable costs and attorney fees.

11. **Counterparts**. This Agreement may be signed in counterparts, each of which counterparts shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures (or copies thereof) transmitted electronically to the other Parties or their counsel shall be as valid and binding as original signatures.

12. **Governing Law**. The terms of this Agreement shall be construed in accordance with the Laws of the State of Utah.

13. **Binding Effect**. The terms of this Agreement shall be binding upon and to the benefit of each Party hereto, their respective affiliates, partners, members, managers, agents, attorneys, insurers, successors, assigns, and legal representatives.

14. **Consultation with Counsel**. Each Party to this Agreement declares, acknowledges, and represents to the other Parties that it has carefully read the foregoing Agreement; that it knows of the contents thereof; that it has consulted with, or had the opportunity to consult with, its own attorney concerning the contents thereof; that it understands this Agreement will affect its legal rights; and that it signs the same as its own free act.

15. **Severability**. In the event that one or more of the provisions, or portions thereof, of this Agreement is determined to be void or unenforceable by a court of competent jurisdiction, such portion shall be stricken, and the Agreement shall be reformed to approximate, as closely as the law permits, the intent of the stricken portion or portions. The remainder of this Agreement shall not be affected thereby, and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

16. **Joint Motion for Approval of this Stipulation.** The Parties jointly move the Court for an order approving this Stipulation.

DATED this 28 day of ~~September~~ October, 2021.

**EAST BIRCH CREEK, INC.**

By: ______________________

Its: Manager

**THELAUNDRYLIST.COM INC.**

By: ______________________

Its: President

______________________

**BRIAN COHEN,** an individual

[APPROVED]

SNOW, CHRISTENSEN & MARTINEAU

*/s/ David L. Pinkston*
David L. Pinkston
P. Matthew Cox
Attorneys for East Birch Creek, Inc.

4831-9615-2057, v. 1

# EXHIBIT

DAVID L. PINKSTON (6630)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

*Attorneys for Plaintiff East Birch Creek, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EAST BIRCH CREEK, INC., a non-profit Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THELAUNDRYLIST.COM, INC, a California Corporation; and BRIAN COHEN, an individual,<br><br>Defendants. | **STIPULATED JUDGMENT**<br><br>Case No. 2:20-cv-00673-DAO<br><br>Magistrate Judge Daphne A. Oberg |

The Court has considered the following, filed herein:

1. "Stipulation and Settlement Agreement and Consent to Entry of Judgment Against Defendants" (the "Stipulation"), filed herein by Plaintiff East Birch Creek, Inc. ("EBC") and Defendants TheLaundrylist.com, Inc. ("TLL") and Brian Cohen ("Cohen"), on the other;[1]

2. The Court's Order Approving the Stipulation.[2]

[1] Docket No. __

[2] Docket No. __.

3. Application for Entry of Judgment ("Application"),[3] filed by EBC (to which Defendants have not responded); and

4. Affidavit of Cory Crabb Setting forth Facts of Default, dated ____________ (the "Default Affidavit"),[4] asserting the facts of Defendants' default under said Stipulation.

Based on the foregoing, it appearing therefrom that the Defendants are in default under the Stipulation, that the Defendants agreed to the entry of judgment against them in the event of such default, and that good cause exists therefor,

IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

1. Judgment is hereby entered in favor of Plaintiff, EBC and against the Defendants TLL and Cohen, and each of them, jointly and severally, in the amount of $106,500.00, together with interest thereon at the rate of 10% per annum, from and after November 1, 2019, less payments made by Defendants under the Stipulation, in the amount of $__________.

2. This Judgment may be augmented, from time to time, by the amount of attorneys' fees expended by EBC enforcing the same.

It is SO ORDERED.

DATED this _____ day of _________________, 2021

_________________________________________
HONORABLE
United States District Court Judge

4850-7981-7209, v. 1

[3] Docket No. __.
[4] Docket No. 66.